[No. 11057. Department Two. January 24, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v.
EDWARD H. WRIGHT, *Appellant*.[1]

CONTEMPT—EVIDENCE—SUFFICIENCY. A conviction for contempt of court, in the use of language deemed contemptuous in written exceptions filed, is not sustained, where the language used was invited by the court in unnecessary criticism of accused's conduct outside the duty of the court, and both were to blame.

Appeal from a judgment of the superior court for Pacific county, Smith, J., entered November 29, 1912, upon a conviction of contempt. Reversed.

*Welsh & Welsh*, for appellant.
*H. W. B. Hewen*, for respondent.

PER CURIAM.—Appeal from an order adjudging appellant to be in contempt of court, and imposing a fine of $100. We shall make no attempt to recite the facts in this case, nor make reference to the controversy which culminated in the order complained of, as it would be of no benefit to the parties interested or to the public at large. The beginning of the controversy culminating in the adjudication of contempt was a letter addressed to the court commissioner of Pacific county, which was received by the judge of the lower court, in which some complaint was made concerning the conduct of appellant in effecting a settlement of an estate then in process of probate. This letter was treated by the judge as a complaint, and citation was issued addressed to the appellant, to which a copy of the letter was attached indorsed, "A true copy of the complaint," citing appellant to show cause as to the matter complained of in the letter. Appellant visited the judge and represented to him what had been done in the estate and, at request of the judge, made and filed a written report. The court thereupon made

[1]Reported in 137 Pac. 1198.

findings of fact and conclusions of law, in which he severely criticized appellant, to which appellant filed written exceptions, the language of which the court deemed contemptuous. Further proceedings were then had, resulting in the order complained of.

Whatever may have been said by appellant in the exceptions filed by him, was invited by the court in the unnecessary criticism made of appellant's conduct. If the court desired to make findings, a statement of the facts would have been sufficient, without a resort to condemnation. Appellant, on the other hand, went beyond an attempt to clear himself from the strictures made in the findings. Both were to blame, and evidently sought the occasion to express a mutual dislike. We will not say more; we would not have said what we have but for the requirement to give reasons for our decision. The above reasons are, in our judgment, sufficient, and the judgment is reversed and the cause remanded with instructions to dismiss the proceedings.